UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

MADELINE GRIFFIN,
    *Petitioner*,

v.

ROLAND COOK *et al*.,
    *Respondents*.

No. 3:20-cv-589 (JAM)

**ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS**

Petitioner Madeline Griffin is a sentenced prisoner in the custody of the Connecticut Department of Correction ("DOC"). In light of her vulnerability to the COVID-19 virus from her medical conditions and the particular risks that COVID-19 poses to prison inmates who live in close quarters, she has filed a petition for a writ of habeas corpus seeking release from imprisonment. Because Griffin has not fully exhausted her state court remedies as required under 28 U.S.C. § 2254, I will grant respondents' motion to dismiss and I will dismiss Griffin's petition without prejudice.

**BACKGROUND**

Griffin is serving a lengthy state sentence at York Correctional Institution ("York CI") following her convictions on multiple state charges. Doc. #10-1 at 1-2 (listing charges). Her maximum release date in January 2026 is more than five years from now. *Id.* at 2.

Griffin has filed this petition for writ of habeas corpus naming the Commissioner of the DOC and the warden of York CI as respondents. Doc. #3 (amended petition). Griffin alleges that she suffers from a number of very serious medical conditions including cancer, arthritis, anemia, asthma, depressive disorder, hypertension, obesity, sleep apnea, cervical spine stenosis, and a fractured knee. *Id.* at 1. Her petition goes on to allege facts about the lethal threat posed by

1

COVID-19, how she is particularly vulnerable to COVID-19, and how prison authorities are not addressing her health needs or taking adequate measures to protect her from the risks of COVID-19. *Id.* at 5-8.

Griffin argues that, in light of all these conditions, her continued incarceration amounts to cruel and unusual punishment in violation of the Eighth Amendment as well as discrimination in violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101, *et seq*. Doc. #3 at 9-11. She seeks only one form of relief: immediate release from state imprisonment to home confinement—whether by means of a grant of her petition for writ of habeas corpus on its merits or a grant of release on bond or bail pending a resolution of the merits of her petition. *Id*. at 11-12.

In the meantime, Griffin has long had a separate petition for writ of habeas corpus pending in the Connecticut Superior Court and that is scheduled for trial in March 2021. *See Griffin v. Commissioner of Correction*, No. TSR-CV17-4009012-S (Conn. Sup. Ct.). On May 6, 2020, counsel for Griffin filed a motion to be released on bail in her state habeas corpus action because of the threat from COVID-19. Two weeks later, on May 20, 2020, Judge Tejas Bhatt of the Connecticut Superior Court issued a ruling denying Griffin's motion for bail. Doc. #21-3.

Judge Bhatt's ruling describes in detail Griffin's allegations about her medical condition and the danger she faces from COVID-19 while incarcerated. *Id.* at 2-5. The ruling rejects the DOC Commissioner's argument that state courts do not have jurisdiction to grant bail pending determination of a habeas corpus petition. *Id.* at 5-8. Reaching the merits of Griffin's bail motion, however, Judge Bhatt denied it for failure to show a high probability of success on her constitutional claims. *Id.* at 9-17. As to Griffin's Eighth Amendment claim, Judge Bhatt concluded that Griffin had not established that the DOC was deliberately indifferent to her health

and safety, because the DOC was appropriately treating Griffin's medical conditions and taking precautions against the COVID-19 virus. *Id.* at 12-17.

Turning back to this federal action, the respondents have moved to dismiss Griffin's federal habeas corpus petition, primarily on the ground that Griffin has not fully exhausted her claims in the state courts of Connecticut before seeking relief in federal court. Doc. #10. Griffin opposes the motion, arguing that she is not required to exhaust her remedies and that exhaustion would be futile. On May 22, 2020, I conducted a video hearing, and this ruling now follows.

## DISCUSSION

A sentenced state prisoner who alleges that she is in state custody in violation of federal law may seek relief in a federal court pursuant to an application for a writ of habeas corpus under 28 U.S.C. § 2254(a). The prisoner, however, must first exhaust her federal law claims in the state courts. *See* 28 U.S.C. § 2254(b)(1)(A); *Jackson v. Conway*, 763 F.3d 115, 133 (2d Cir. 2014). The reason for this exhaustion requirement is to promote federalism by allowing state courts in the first instance to consider and redress claims by state prisoners who believe they are in custody in violation of federal law. *See, e.g.*, *O'Sullivan v. Boerckel*, 526 U.S. 838, 844-45 (1999); *Carvajal v. Artus*, 633 F.3d 95, 104 (2d Cir. 2011).

Griffin has not fully exhausted her claims as section 2254 requires. A state prisoner's claim is not exhausted until it has been presented to the highest state court capable of reviewing it. *See O'Sullivan*, 526 U.S. at 845; *Jackson*, 763 F.3d at 133. Griffin has yet to obtain a resolution of her state habeas corpus petition by the Connecticut Superior Court, much less to seek available appellate review under Connecticut law.

To be sure, section 2254 creates an exception to the exhaustion requirement if exhaustion would be futile—that is, if "there is an absence of available State corrective process" or

"circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1)(B)(i)-(ii). According to Griffin, "[t]he Connecticut Judicial Branch is unavailable to provide relief due to the suspension of nearly all court business except 'priority 1 business functions' because of COVID-19." Doc. #3 at 8 (¶ 41). But this is plainly not so. The very issuance of Judge Bhatt's comprehensive decision on Griffin's bail motion in her state habeas corpus action demonstrates that the Connecticut courts are not closed to consideration of Griffin's petition and related claims for relief such as a bail motion. Griffin has thus not satisfied any of the statutory futility exceptions under section 2254(b)(1)(B)(i)-(ii).

Respondents also dispute Griffin's claim that the state courts are generally closed to habeas corpus petitioners. But because there is no doubt in light of Judge Bhatt's decision that the state courts are not closed to Griffin, and because Griffin has no standing to assert the rights of other prisoners, I need not consider the more general issue of whether the Connecticut state courts as a whole are unable to grant effective habeas corpus relief during the COVID-19 pandemic.

At oral argument, Griffin faulted Judge Bhatt for failing to conduct an evidentiary hearing on her motion for bail. But, as noted in Judge Bhatt's ruling on Griffin's bail motion, "[b]oth parties waived their right to further filings and oral argument." Doc. #21-3 at 2. In any event, federal district judges do not have general appellate jurisdiction over the rulings of state trial court judges. Under the *Rooker-Feldman* doctrine, federal district courts are jurisdictionally barred from hearing "cases that function as *de facto* appeals of state-court judgments." *Sung Cho v. City of New York*, 910 F.3d 639, 644 (2d Cir. 2018). If Griffin believes that Judge Bhatt's ruling on her bail motion is in error, her remedy is to seek reconsideration before Judge Bhatt or to pursue appellate review in accordance with established state court procedures.

Griffin next argues that I should consider her petition under a different federal habeas corpus statute—28 U.S.C. § 2241—which does not expressly impose an exhaustion requirement like the exhaustion requirement imposed under 28 U.S.C. § 2254. But I cannot do that. The Second Circuit has ruled that section 2254 is the exclusive procedural pathway for a sentenced state prisoner's challenge in federal court to the execution of her sentence. As the Second Circuit has explained, "Section 2254(b)(1) requires state prisoners to exhaust all available state court remedies before filing a Section 2254 petition, whereas Section 2241 contains no such exhaustion requirement," and "[h]ad Congress intended to make Section 2241 available to state prisoners, it would likely have required, in the interests of comity, that state prisoners challenging the execution of their state-imposed sentences first exhaust their remedies in the state courts." *James v. Walsh*, 308 F.3d 162, 167 (2d Cir. 2002). A "state prisoner … not only *may*, but according to the terms of section 2254 *must*, bring a challenge to the execution of his or her sentence … under section 2254," and "[a] petition under section 2241 is therefore unavailable to him." *Cook v. New York State Div. of Parole*, 321 F.3d 274, 278-79 (2d Cir. 2003) (emphasis added).

Griffin's petition, based on the conditions of her state custody pursuant to a state court judgment, is a challenge to the execution of her sentence that must proceed under section 2254 rather than section 2241. As *Cook* instructs, "it is the substance of the petition, rather than its form, that governs." *Id.* at 278 (internal quotations and brackets omitted). When a sentenced state prisoner challenges prison conditions as the basis for a demand to be released from imprisonment, then the prisoner is doubtlessly challenging the "execution" of the prisoner's sentence, which *Cook* requires to be pursued under section 2254.[1]

---

[1] At oral argument, Griffin confirmed that the sole relief she seeks in this action for both her claims under the Eighth Amendment and the ADA is release from state imprisonment to live at her home. Although Griffin's petition for

5

Griffin relies on *McPherson v. Lamont*, --- F. Supp. 3d ---, 2020 WL 2198279 (D. Conn. 2020), a recent decision involving a petition for writ of habeas corpus by individuals in state custody challenging the conditions of confinement at Connecticut correctional facilities in light of the risks of COVID-19. The court in *McPherson* allowed the plaintiffs to proceed in part under section 2241, rejecting the argument that the plaintiffs must proceed under section 2254 and be subject to section 2254's mandatory exhaustion requirement. *Id.* at *4-5. At least to the extent that the holding in *McPherson* applies to sentenced state prisoners, I decline to follow *McPherson* because it is not consistent with the Second Circuit's rulings in *James* and *Cook*, which (as discussed above) require sentenced state prisoners who seek to challenge the execution of their sentences to proceed under section 2254 rather than section 2241.[2]

The decision in *McPherson* does not cite or discuss *James* and *Cook*. It relies instead on numerous cases involving the rights of *federal* prisoners to seek relief under section 2241.[3] But

---

writ of habeas corpus does not cite or rely on 42 U.S.C. § 1983, it is common for state prisoners to file lawsuits under section 1983 to raise constitutional challenges to the conditions of confinement at prison facilities. Indeed, Griffin herself has long had a separate section 1983 action pending in this District involving her medical conditions and treatment at prison. *See Griffin v. Semple*, No. 18-cv-2149-JCH (D. Conn. 2018). Section 1983 actions filed by prisoners ordinarily seek prospective remediation of the unconstitutional conditions and/or retroactive money damages, and there is no statute or rule that requires prisoners to exhaust such section 1983 claims in the state courts before seeking relief in federal court (as distinct from any duty to exhaust administrative remedies with prison authorities as required under the federal Prison Litigation Reform Act). But if a sentenced state prisoner files a section 1983 action that seeks a remedy of release from imprisonment, then the prisoner must comply with the procedural and exhaustion requirements of 28 U.S.C. § 2254 that accompany a petition for writ of habeas corpus. *See Nelson v. Campbell*, 541 U.S. 637, 643 (2004); *Preiser v. Rodriguez*, 411 U.S. 475, 489 (1973). "Thus, where the fact or duration of a prisoner's confinement is at issue, § 1983 is unavailable, and only § 2254(b) with its exhaustion requirement may be employed." *Jenkins v. Haubert*, 179 F.3d 19, 23 (2d Cir. 1999); *see also Elleby v. Smith*, 2020 WL 2611921, at *2-*3 (S.D.N.Y. 2020) (discussing but not deciding whether COVID-19 conditions-of-confinement claim is cognizable by way of habeas corpus petition rather than section 1983 action).

[2] The plaintiffs in *McPherson* include both sentenced state prisoners and state pretrial detainees. Because Griffin is a sentenced prisoner and because both *James* and *Cook* involved sentenced state prisoners, I do not address the question of whether a state pretrial detainee must proceed under section 2254 rather than under section 2241. *See, e.g., Wells v. Annucci*, 2019 WL 2209226, at *2 (S.D.N.Y. 2019) (explaining that section 2254 is "the proper vehicle for a state prisoner who is in custody pursuant to the judgment of a state court" while section 2241 is available to "a state prisoner who has *not yet* been convicted"); *Soto v. Governor of New Mexico*, 2020 WL 1853050, at *2 (D.N.M. 2020) (allowing state pretrial detainees seeking release due to COVID-19 to proceed under section 2241).

[3] *See McPherson*, 2020 WL 2198279, at *5 & n.3 (relying on the following cases involving federal prisoners, listed here in reverse chronological order: *Dhinsa v. Krueger*, 917 F.3d 70, 81 (2d Cir. 2019); *Gonzalez v. United States*, 792 F.3d 232, 238 (2d Cir. 2015); *Adams v. United States*, 372 F.3d 132, 135 (2d Cir. 2004); *Roccisano v. Menifee*, 293 F.3d 51, 57 (2d Cir. 2002); *Jiminian v. Nash*, 245 F.3d 144, 146 (2d Cir. 2001); *Carmona v. U.S. Bureau of*

there is a critical distinction between the rights of federal prisoners and the rights of state prisoners to proceed under section 2241: federal prisoners may proceed under section 2241 to challenge the execution of their sentences, while sentenced state prisoners may not.

As both *James* and *Cook* explain, federal prisoners (but not sentenced state prisoners) are allowed to proceed under section 2241 to challenge the execution of their sentences because such a challenge is not otherwise within the scope of a separate statute—28 U.S.C. § 2255—that allows federal prisoners to seek post-conviction relief by challenging the validity of their convictions or the duration of their sentences. By contrast, section 2254 more expansively allows sentenced state prisoners to challenge not only their convictions and imposition of sentences but also the execution of their sentences. "The plain language of the pertinent statutes indicates … that a federal prisoner may challenge the imposition, but not the execution, of a sentence under Section 2255, while a state prisoner may challenge either the imposition or the execution of a sentence under Section 2254." *James*, 308 F.3d at 167; *see also Cook*, 321 F.3d at 278 (noting how the scope of challenges allowable for federal prisoners under section 2255 is "critically narrower" than the scope of challenges allowable for sentenced state prisoners under section 2254, such that "[b]ecause a federal prisoner cannot challenge the execution of his or her sentence by a motion under section 2255, he or she must resort to a section 2241 petition to do so").

In short, the rights of federal prisoners to proceed under section 2241 to challenge the execution of their sentences does not signify that sentenced state prisoners may also do so. To

---

*Prisons*, 243 F.3d 629, 632 (2d Cir. 2001); *Chambers v. United States*, 106 F.3d 472, 474 (2d Cir. 1997); *Kingsley v. Bureau of Prisons*, 937 F.2d 26, 30 n.5 (2d Cir. 1991)). Where the petitioner is, as here, a sentenced state prisoner, these federal prisoner cases are helpful only to the extent they recognize that a prisoner's challenge to the conditions of confinement may amount to a challenge to the execution of sentence. *See, e.g.*, *Dhinsa*, 917 F.3d at 81 (noting that a challenge "the *execution* of a sentence" may include a challenge to "prison conditions" (emphasis in original)).

the contrary, *James* and *Cook* hold that state prisoners seeking to challenge the execution of their sentences must proceed under section 2254 rather than section 2241. For this reason, the *McPherson* decision—because of its reliance on cases involving federal prisoners rather than sentenced state prisoners—does not persuade me that Griffin may proceed here under section 2241 and without regard to the mandatory exhaustion requirement imposed under section 2254. *See Brooks v. Wolcott*, 2020 WL 2553030, at *4 n.5 (W.D.N.Y. 2020) (declining to follow *McPherson* for similar reason).

My conclusion that Griffin's petition must be dismissed for failure to exhaust her state court remedies as required under section 2254 is consistent with the rulings of many federal courts nationwide that have addressed similar petitions by sentenced state prisoners in response to the COVID-19 pandemic. *See, e.g.*, *Elleby v. Smith*, 2020 WL 2611921, at *3-4 (S.D.N.Y. 2020); *Malloy v. District Attorney of Montgomery County*, 2020 WL 2571170, at *3 (E.D. Pa. 2020); *Brooks v. Wolcott*, 2020 WL 3553030, at *3-4 (W.D.N.Y. 2020); *Rapeika v. Administrator Northern State Prison*, 2020 WL 2092790, at *1 (D.N.J. 2020); *Makin v. Wainwright,* 2020 WL 2085141, at *1-2 (N.D. Oh. 2020); *Money v. Pritzker*, 2020 WL 1820660, at *20-21 (N.D. Ill. 2020).

Lastly, the Second Circuit has instructed that a district court should not *sua sponte* convert a motion under section 2241 to a motion under section 2254 without allowing the petitioner an opportunity to withdraw the motion. *See Cook*, 321 F.3d at 281-82. But because Griffin expressly seeks relief under either section 2254 or section 2241, this rule does not apply.

## CONCLUSION

The respondents' motion to dismiss (Doc. #10) is GRANTED, and the petition for writ of habeas corpus (Doc. #3) is DISMISSED without prejudice. The motion to take depositions (Doc.

#13) is DENIED as moot. The motions to seal (Docs. #26, #27 and #28) are GRANTED on the ground of compelling confidentiality reasons for which sealing is narrowly tailored. Because Griffin has not made a substantial showing of the denial of a constitutional right, *see* 28 U.S.C. § 2253(c)(2), no certificate of appealability shall enter. The Clerk of Court shall close this case.

It is so ordered.

Dated at New Haven this 26th day of May 2020.

/s/ *Jeffrey Alker Meyer*
Jeffrey Alker Meyer
United States District Judge